```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 20 2018 ★

BROOKLYN OFFICE

------------------------------------------------------------

MARIE L. BANKS,

                Plaintiff,

        v.

BROOKLYN HOUSING PRESERVATION AND
DEVELOPMENT; BEDFORD STUYVESANT
ARMY; HUMAN RESOURCE
ADMINISTRATION & NEW YORK STATE
OFFICE OF TEMPORARY DISABILITY
ASSISTANCE AND ADULT PROTECTIVE
SERVICES,

                Defendants.

**MEMORANDUM & ORDER**
18-CV-1374 (RJD)

------------------------------------------------------------

MARIE L. BANKS-GERVAIS,

                Plaintiff,

        v.

NEW YORK CITY HOUSING AUTHORITY
INSPECTION SERVICE,

                Defendant.

18-CV-1375 (RJD)

------------------------------------------------------------

DEARIE, District Judge:

      Marie Lourdes Banks, also known as Marie L. Banks-Gervais, acting pro se, filed these two in forma pauperis actions seeking damages. The complaints are consolidated solely for the purpose of this Order. Both are difficult to comprehend. In the first, in which she names various local and state social service organizations, the nature of her complaint cannot be grasped, but it seems to be regarding her living conditions generally and the upcoming nuptials of her son, Carl Gervais. In the second, against the New York City Housing Authority, she writes about an

1

inspection of her apartment required by the federal regulation by which her apartment is subsidized scheduled for March 2, 2018, the day she filed the complaint, but the nature of her complaint is elusive. The Court finds that plaintiff's financial status qualifies her to commence these actions without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(a)(1). Accordingly, plaintiff's applications to proceed in forma pauperis are granted. For the reasons set forth below, however, the complaints are dismissed for lack of subject-matter jurisdiction.

## BACKGROUND

Plaintiff filed these two complaints on March 2, 2018. The Court has reviewed them with its liberal eye afforded to pro se litigants and with particularized knowledge of both Plaintiff's challenging personal history and her extensive litigation history in this Court. And yet, even with this liberality and beneficent lens, nothing in either of the complaints presents any topic that could be construed as a complaint properly filed in this court.

The first complaint, 18-CV-1374 (RJD), is typical of many of the complaints that Plaintiff has filed over the years. There are a series of disconnected thoughts concerning housing and the gentrification of her neighborhood, "Haitian Gestapos," taking of her mail and other documents, and a reference to a history of torture. She also mentions that her son's wedding is scheduled for March 31, 2018. She seeks compensation of three hundred million dollars "for tampering with the Banks family in Haiti and U.S. by double agent elected in the U.S.A. and in full out law rights."

The second complaint, 18-CV-1375 (RJD), concerns her apartment. Plaintiff pays $344.00 of the $961.64 rent, the balance is subsidized by the New York City Housing Authority. (18-CV-1375, ECF No. 1 at 8). The apparent impetus for this complaint is a February 8, 2018 notice from the New York City Housing Authority regarding the inspection of her apartment

required by the "Section 8 [of the Housing Act of 1937, 42 U.S.C. § 1437f] Housing Choice Voucher Program" on March 2, 2018 between 8 A.M. and noon. *Id.* at 7. It appears that she attempted to contact the customer service number referenced in the notice about some issue, but she was dissatisfied with the response that she received. She seeks damages.

## LEGAL STANDARD

Under 28 U.S. C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (holding that a claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)).

A court must construe a pro se litigant's pleadings liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and a pro se complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted). Nevertheless, "a pro se plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." Wilber v. U.S. Postal Serv., No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

3

Federal courts are courts of limited jurisdiction and may not hear a case absent subject-matter jurisdiction. Exxon Mobil Corp. v. Allanattah Servs., Inc., 545 U.S. 546, 552 (2005); Frontera Res. Azerbaijan Com. v. State Oil Co. of Azerbaijan Republic, 582 F.3d 393, 397 (2d Cir. 2009). The requirement of subject-matter jurisdiction cannot be waived, United States v. Cotton, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court sua sponte, Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). When a court lacks subject matter jurisdiction, dismissal is mandatory. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); see also Fed.R.Civ.P. 12(h)(3).

## DISCUSSION

The Court may not exercise subject matter jurisdiction over either of these complaints. Even reading the complaints liberally, nothing suggests the existence of a "colorable federal claim" that would invoke federal question jurisdiction. See Chestnut v. Wells Fargo Bank, N.A., No. 11-CV-5369, 2012 WL 601785, at *3 (E.D.N.Y. Feb. 22, 2012). Nor does either case meet the requirement for diversity jurisdiction-all parties are citizens of New York. See 28 U.S.C. § 1332. Accordingly, the complaints must be dismissed for lack of subject-matter jurisdiction. Manway Constr. Co. Inc. v. Hous.Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983); see also Fed.R.Civ.P. 12(h)(3).

A court may dismiss a claim as "factually frivolous" if the sufficiently well-pleaded facts are "clearly baseless"—that is, if they are "fanciful," "fantastic." or "delusional." Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989))

(quotation marks omitted). The Court finds that Banks's complaint is clearly baseless, and is subject to dismissal on that basis as well. 28 U.S.C. § 1915(2)(B)(i); Denton, 504 U.S. at 34 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Ordinarily the Court would allow plaintiff an opportunity to amend her pleading, Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000), but such an opportunity is not warranted here, as it is clear from the face of the complaints that any such amendment would be futile and would not invoke the Court's subject matter jurisdiction.

## CONCLUSION

Accordingly, the instant *pro se* complaints are dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), and because they are factually frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's applications for the court to request the appointment of counsel are denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED,

s/ RJD

Raymond J. Dearie
United States District Judge

Dated: March 20, 2018
      Brooklyn, New York